IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHILIP P. FREDERIC**
ADC #167147                                                                                    PETITIONER

v.                           Case No. 4:20-cv-00842-KGB

**DEXTER PAYNE, Director,**
Arkansas Division of Correction                                                        RESPONDENT

### ORDER

Before the Court is the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 32). Petitioner Philip P. Frederic filed a per curiam and statement for judicial notice and objections to Proposed Findings and Recommended Disposition ("objections") (Dkt. No. 33). Mr. Frederic also filed a supplement to objections (Dkt. No. 34). After careful review of the Recommendation, a *de novo* review of the record, and a review of the objections and the supplement to the objections, the Court adopts the Recommendation as its findings in all respects (Dkt. No. 32). The Court also denies Mr. Frederic's request for an evidentiary hearing (Dkt. Nos. 33, at 19; 34, at 6).

Given its rulings in this Order, the Court denies Mr. Frederic's renewal motion for summary judgment as a matter of law, (Dkt. Nos. 31). The Court grants Mr. Frederic's motion for status update and orders the Clerk of the Court to send Mr. Frederic a copy of the docket sheet (Dkt. No. 35).

**I.      Recommendation**

Mr. Frederic raises four claims in his petition for writ of *habeas corpus* (Dkt. No. 2). Judge Kearney treated Mr. Frederic's first two claims as challenges to the sufficiency of the evidence

and treated his third and fourth claims as allegations of ineffective assistance of counsel (Dkt. No. 32, at 6).

In the Recommendation, Judge Kearney determined that the Arkansas Court of Appeals' decision that there was sufficient evidence to support Mr. Frederic's conviction was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 9 (*citing* 28 U.S.C. § 2254(d)). Judge Kearney further pointed out that the United States Supreme Court has not yet determined whether prisoners are entitled to habeas relief based on a freestanding claim of actual innocence (Dkt. No. 32, at 10 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).  Judge Kearney pointed out, however, that even if such a claim were recognized the threshold would be "extraordinarily high," even higher than the standard required for procedurally defaulted claims (*Id*. (citing *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993))).  Judge Kearney emphasized that Mr. Frederic had not offered any *new* evidence to support his claim of actual innocence, and consequently Judge Kearney recommended that the Court deny Mr. Frederic's freestanding claim of actual innocence.

Judge Kearney recommends that the Court deny Mr. Frederic's claims of ineffective assistance of counsel because the Arkansas Court of Appeals applied *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and its decision was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 11-12).

## II. Objections

Mr. Frederic objects to Judge Kearney's Recommendation.  The Court will address each ground on which Mr. Frederic objects in turn.

A.     **Ground One**

Mr. Frederic argues that Judge Kearney's findings are inconsistent with the facts in the record and with established law in ground one factual and actual innocence (Dkt. No. 33, at 9). As to ground one and ground two, Judge Kearney determined that the Arkansas Court of Appeals' finding of sufficient evidence to support Mr. Frederic's conviction for conspiracy to commit rape was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 8-10).

In his objections, Mr. Frederic contends that he has "shown actual evidence that [he] was indeed advertising for respondents for [his] study through Craigslist.com and provided this documentation of [his] research account listing posted advertisements for public view." (Dkt. No. 33, at 9). The Court will refer to this as Mr. Frederic's "Craigslist Research List." Mr. Frederic asserts that his attorney's decision to withhold his account information and Craigslist Research List deprived him of his innocence (*Id.*, at 9-10). Mr. Frederic contends that he has presented his "research list along with all evidentiary findings of the State's investigative agencies" in his case to people who are not family, close friends, inmates, or felons, and Mr. Frederic asserts that "[t]hey have all summarily agreed that it is highly likely that I am innocent. . . ." (*Id.*, at 10-11). On this basis, Mr. Frederic asserts that he has proof that "Judge Kearney's conclusions and the State of Arkansas' conclusions are wrong and are simply arbitrary, and that my attorney's decisions were wrong, were legal error, were unreasonable, caused presumptive prejudice, and an unfair adversarial proceeding." (*Id.*, at 11).

When Mr. Frederic references his Craigslist Research List, the Court understands that Mr. Frederic is referring to his Craigslist account activity. Judge Kearney addressed Mr. Frederic's

argument that his counsel was ineffective for failing to introduce this evidence at trial and concluded that the Arkansas Court of Appeals' decision denying Mr. Frederic's claim of ineffective assistance on this ground was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 13). Judge Kearney determined that it is unrealistic to determine that, even if the evidence had been admitted, the case would have been decided differently given all of the other evidence against Mr. Frederic which Judge Kearney outlines (*Id.*, at 13-14). Nothing in Mr. Frederic's objections leads this Court to a different conclusion. Mr. Fredric's contention that he has summarized the evidence to people who agree that it is likely that he is innocent is not new, admissible proof of his innocence sufficient to meet the "extraordinarily high" threshold that would be required to meet a freestanding claim of actual innocence, assuming without deciding that such a claim even exists. *See Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014) (assuming without deciding that if there is a freestanding claim of actual innocence that a petition must meet an "extraordinarily high" threshold, to establish a claim) (citing *House v. Bell*, 547 U.S. 518, 555 (2006)). Accordingly, Mr. Frederic's objections are not sufficient, and the Court adopts Judge Kearney's findings and recommendations as to ground one.

### B. Ground Two

Mr. Frederic objects that Judge Kearney's findings are inconsistent with the facts in the record and with established law in ground two sufficiency of the evidence, jurisdiction, no proof of a crime under Arkansas law (Dkt. No. 33, at 11). Mr. Frederic claims that he submitted a statement of fact proving that the probable cause affidavit issued in his case was based on false information, there was no probable cause for the arrest warrant, and the statement he made after his arrest to Faulkner County Sheriff's Officer Chad Meli should be set aside (Dkt. No. 33, at 11).

Mr. Frederic contends that, without this evidence, there is insufficient evidence to establish the essential elements of conspiracy to commit rape (*Id.*, at 12).  Mr. Frederic contends that the state could not have established that the Craigslist ad had any connection to him "other than my stolen identity" (*Id.*, at 12).  Judge Kearney addressed the Arkansas Court of Appeals' discussion of Mr. Frederic's claim that his counsel should have argued that a third party, not Mr. Frederic, posted the advertisements that Officer Meli responded to on Craigslist (Dkt. No. 32, at 11).  The Court of Appeals cited testimony from the Rule 37 hearing where Mr. Frederic's counsel explained that it was his belief that disputing that Mr. Frederic had posted the Craigslist advertisements would have been counter to his "innocent intent" defense that Mr. Frederic posted the ads on Craigslist in order to conduct research (*Id.*).  Additionally, the Court of Appeals also noted that Mr. Frederic had admitted posting the ads to Officer Meli, and Judge Kearney outlined other evidence presented in state court regarding this point (*Id.*).  Judge Kearney concluded that the Court of Appeals' decision was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in the state court (*Id.*, at 12).  Nothing in Mr. Frederic's objections leads this Court to a different conclusion, and the Court adopts Judge Kearney's findings and recommendations as to ground two.

      **C.**     **Ground Three**

Mr. Frederic objects that Judge Kearney's findings are inconsistent with the facts in the record and with established law in ground three because he was deprived of his constitutional right to substantive due process (Dkt. No. 33, at 13).  Judge Kearney construed Mr. Frederic's argument in ground three to be a claim that his trial counsel was constitutionally ineffective for failing to present evidence that a third party posted the advertisement that Officer Meli responded to on Craigslist (Dkt. No. 32, at 11-13).  Mr. Frederic contends that "Judge Kearney's [f]indings cannot

prevail here." (Dkt. No. 33, at 14).  Mr. Frederic argues that "it seems unreasonable and unfair that a defense attorney can arbitrarily withhold exculpatory evidence, that has been shown to be so substantial" (*Id*., at 14).  As set forth above, based on trial counsel's testimony at the Rule 37 hearing and Mr. Frederic's admission to Officer Meli that he had placed the ad, as well as other evidence presented in the state court proceeding, Judge Kearney determined that the Arkansas Court of Appeals' decision that counsel was not ineffective under *Strickland* was not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 12).  Mr. Frederic's objections do not break new ground, and the Court adopts Judge Kearney's findings of fact and conclusions of law as to ground three.

        D.        **Ground Four**

Mr. Frederic objects that Judge Kearney's findings are inconsistent with the facts in the record and with established law in ground four because petitioner was deprived of his federal civil rights under 42 U.S.C. § 1985 (Dkt. No. 33, at 15).  Judge Kearney construed Mr. Frederic's argument to be an ineffective assistance of counsel claim that his attorney was ineffective and denied him his constitutional rights when he did not present his Craigslist account activity to the jury (Dkt. No. 32, at 13).  For the reasons set forth above, the Court agrees with Judge Kearney's conclusion that the Arkansas Court of Appeals' denial of Mr. Frederic's claim of ineffective assistance of counsel on this ground was not contrary to or an unreasonable application of federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 13).  Further, as Judge Kearney determined, it is unrealistic to conclude that even if the evidence had been admitted that the case would have been decided differently given all of the other evidence against Mr. Frederic which Judge Kearney outlines (*Id*., at 13-14).  Mr.

Frederic's objections break no new ground. Accordingly, the Court adopts Judge Kearney's findings and conclusions as to ground four.

### E. Supplement To Objections

In his supplement to objections, Mr. Frederic reiterates his argument that had "all of the facts been made available to the jury in my trial . . . no reasonable fact-finder would have found [him] guilty." (Dkt. No. 34, at 2). Mr. Frederic again refers to his "Craigslist account page and research list" which was not presented by defense counsel, and the "ad hoc 'jury' of fact-finders" to whom he has presented documentation who he asserts agree that if he was allowed to present such testimony of his research plan in his own words to the jury "the state could not have proven actual criminal intent." (*Id*.). Mr. Frederic testified at length at his trial regarding his "research." For the reasons set forth above, the Court agrees with Judge Kearney's conclusion that the Arkansas Court of Appeals' denial of Mr. Frederic's claims of ineffective assistance of counsel were not contrary to, or an unreasonable application of, federal law or an unreasonable determination of the facts in the light of the evidence presented in state court (Dkt. No. 32, at 13).

### IV. Conclusion

For these reasons, the Court adopts Judge Kearney's Recommendation as its findings in all respects (Dkt. No. 32). The Court denies Mr. Frederic's renewal motion for summary judgment as a matter of law, denies his petition for writ of *habeas corpus*, and dismisses with prejudice the petition (Dkt. Nos. 2, 31). The Court also denies Mr. Frederic's requests for an evidentiary hearing (Dkt. Nos. 33, at 19; 34, at 6). Further, the Court concludes that Mr. Frederic is not entitled to a certificate of appealability because he has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The Court grants Mr. Frederic's motion for status

update and orders the Clerk of the Court to send Mr. Frederic a copy of the docket sheet (Dkt. No. 35).

    It is so ordered this 20th day of March, 2023.

                                    Kristine G. Baker
                                    United States District Judge